IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TRUSTEES OF THE MICHIANA AREA ELECTRICAL WORKERS HEALTH & WELFARE FUND, TRUSTEES OF THE MICHIANA AREA ELECTRICAL WORKERS PENSION FUND, TRUSTEES OF THE MICHIANA AREA ELECTRICAL WORKERS MONEY PURCHASE PLAN and TRUSTEES OF THE MICHIANA AREA ELECTRICAL WORKERS PLAN 4,<br>　　　　Plaintiffs,<br>　v.<br><br>JCA ELECTRIC LLC,<br>　　　　Defendant. | CASE NO.:   3:21-cv-196 |

# **COMPLAINT**

The Trustees of Michiana Area Electrical Workers Health & Welfare Fund, Trustees of the Michiana Area Electrical Workers Pension Fund, Trustees of the Michiana Area Electrical Workers Money Purchase Plan and Trustees of the Michiana Area Electrical Workers Plan 4, by their undersigned attorney, hereby complain of Defendant, **JCA Electric LLC** as follows:

JURISDICTION AND VENUE

1. This complaint is brought under, and this Court has jurisdiction pursuant to, Section 502(a)(3), (e)(1), and (f) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA"), 29 U.S.C. § 1132(a)(3), (e)(1), and (f), 29 U.S.C. § 1145, and Section 301(a) of the Labor Management Relations Act of 1947, (hereinafter "LMRA"), as amended, 29 U.S.C. § 185(a).

2. This action may properly be brought in the Northern District of Indiana, and venue is proper in this district, pursuant to the provisions of Section 502(e)(2) of ERISA, 29 U.S.C. §

1132(e)(2), 29 U.S.C. § 1391(b) and (c), and 28 U.S.C. § 94(a), in that Plaintiffs' Funds offices are located in LaPorte County, Indiana, the Funds are administered in the Northern District of Indiana, and the claims of the Plaintiffs arose therein.

## PARTIES

3. Plaintiffs are the Trustees of Michiana Area Electrical Workers Health & Welfare Fund, Trustees of the Michiana Area Electrical Workers Pension Fund, Trustees of the Michiana Area Electrical Workers Money Purchase Plan and Trustees of the Michiana Area Electrical Workers Plan 4 (hereinafter the "Funds"), and are "fiduciaries" within the meaning of Sections 3(21)(a), 502(a)(3) and (g)(2) of ERISA, 29 U.S.C. §§ 102(21)(A), 1132(a)(3) and (g)(2). The Funds are "Employee Pension Benefit Plans" and "Pension Plans" within the meaning of Section 3(2) of ERISA, 29 U.S.C. § 1002(2), and are therefore "Employee Benefit Plans" and "Plans" within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 102(3). The Funds are also "multi-employer plans" within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37). The Funds were established and are maintained by employers engaged in commerce or in an industry affecting commerce, and by an employee organization representing employees engaged in commerce and in an industry engaged in commerce, within the meaning of Section 4(a) of ERISA, 29 U.S.C. § 1003(A).

4. JCA Electric LLC ("JCA") is an Indiana Limited Liability Company, whose principal place of business is in Rolling Prairie, Indiana.

5. JCA is an "employer" within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5).

## FACTUAL ALLEGATIONS

6. JCA is a party to Collective Bargaining Agreement(s) ("CBAs") with I.B.E.W. Local 153 (hereinafter "the Union").

7. JCA is also a party to a Letter of Assent and/or an Assent of Participation Agreement, pursuant to the Amended and Restated Agreement and Declaration of Trust, as amended and/or restated. ("Trust Agreement").

8. JCA employs and has employed persons represented for collective bargaining purposes by the Union and agreed to be bound by the CBA(s), and agreements referred to therein.

9. The CBA requires JCA to make periodic contributions on behalf of its employees to the Funds, in amounts established by the applicable CBA(s).

10. The Trust Agreement provides that the failure of any employer to make all contributions and to submit all required contribution remittance forms within the time specified by the Trustees is a breach of the Agreement.  If an Employer fails to pay any contribution to the Funds when due, the employer is delinquent and liquidated damages will be assessed.  The delinquent Employer is also liable for all reasonable expenses incurred by the Funds directly attributable to the cost of collection of delinquent payment or the cost to obtain the delinquent contribution remittance forms, including auditing fees, court costs and attorneys' fees.

11. The Trust Agreement further provides that when demanded by the Trustees, the employer must furnish information whenever such examination is deemed necessary or advisable by the Trustees in connection with the proper administration of the Trust including the determination of whether such Employer is making full and prompt payment of all sums required to be paid to the Trust.

12. JCA has violated its obligations under the CBA(s), the terms of the Trust

Agreement, Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. § 1132(a)(3) and 1145, and Section 301(a) of LMRA, 29 U.S.C. § 185(a), in that it has failed to timely pay penalties owed for late contributions to Plaintiffs' funds.

13. JCA has violated its obligations under the CBA(s), the terms of the Trust Agreement, Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. § 1132(a)(3) and 1145, and Section 301(a) of LMRA, 29 U.S.C. § 185(a), in that it has failed to timely pay penalties owed for late contributions to Plaintiffs' funds.

14. JCA has violated its obligations under the CBA, the terms of the Trust Agreement, Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. § 1132(a)(3) and 1145, and Section 301(a) of LMRA, 29 U.S.C. § 185(a), in that it has failed to cooperate with a payroll audit and at least since May 21, 2020, has refused to provide documents requested by the auditor.

15. The Funds are without an adequate remedy at law and will suffer immediate, continuing, and irreparable injury and damage unless JCA is ordered to specifically perform all of its obligations required under the CBA, specifically submission to an audit of all relevant documents, payment of delinquent Fund contributions, and payment of all ancillary expenses and penalties.

WHEREFORE, Plaintiffs pray that the Court enter a Judgment and Order, pursuant to the provisions of Sections 502(a)(3) and (g)(2) of ERISA, 29 U.S.C. §§ 1132(a)(3) and (g)(2):

A. Finding and declaring that Defendant is in violation of the Collective Bargaining Agreements, the Trust Agreement, Section 515 of ERISA, 29 U.S.C. §§ 1132, 1145, and Section 301(a) of LMRA, 29 U.S.C. § 185(a);

B. Ordering Defendant to submit to a payroll audit;

      C.      Ordering Defendant to pay to the Funds all delinquent contributions, penalty amounts and all amounts owed pursuant to the audit report;

      D.      Ordering Defendant to pay to the Funds interest on all delinquent contributions;

      E.      Ordering Defendant to pay to the Funds liquidated damages in the amount of 20% of all delinquent contributions, and/or all other penalties specified by the CBA and Trust Agreement;

      F.      Ordering Defendant to pay to the Funds their reasonable attorneys' fees and costs, including costs of the payroll audit; and

      G.      Granting Plaintiffs such other and further relief as the Court may deem just.

By:    /s/   Teresa A. Massa
       Teresa A. Massa, #16133-45
       P.O. Box 8882
       Michigan City, IN 46361
       (219) 465-1766
       Attorney for Plaintiffs